1

2

3                 UNITED STATES DISTRICT COURT

4             NORTHERN DISTRICT OF CALIFORNIA

5                    EUREKA DIVISION

6

7  MIGUEL ANGEL CISNEROS,

                                 No. C 15-2019 NJV (PR)

8         Plaintiff,

                                 **ORDER FOR PLAINTIFF TO**

9     v.                             **SHOW CAUSE**

10  BRIAN DONNELLAN, et. al.,

11         Defendants.

12                               /

13      This is a civil rights case filed pro se by a detainee incarcerated at San Mateo

14 County Jail.  Plaintiff is awaiting trial and states that his attorney is not properly

15 representing him and important documents and evidence are being hidden.  Plaintiff seeks

16 for this court to investigate the handling of his case.

17      Under principles of comity and federalism, a federal court should not interfere with

18 ongoing state criminal proceedings by granting injunctive or declaratory relief absent

19 extraordinary circumstances.  *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971).   Federal

20 courts should not enjoin pending state criminal prosecutions absent a showing of the state's

21 bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently

22 violative of express constitutional prohibitions."  *Younger*, 401 U.S. at 46, 53-54 (cost,

23 anxiety and inconvenience of criminal defense not kind of special circumstances or

24 irreparable harm that would justify federal court intervention; statute must be

25 unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is

26 applied).  Abstention may be inappropriate in the "extraordinary circumstance" that (1) the

27 party seeking relief in federal court does not have an adequate remedy at law and will

28 suffer irreparable injury if denied equitable relief, *see Mockaitis v. Harcleroad*, 104 F.3d

*United States District Court*
For the Northern District of California

1  1522, 1528 (9th Cir. 1997) (citing *Younger*, 401 U.S. at 43-44), or (2) the state tribunal is

2  incompetent by reason of bias, *see Gibson v. Berryhill*, 411 U.S. 564, 577-79 (1973).  A

3  party who alleges bias must overcome a presumption of honesty and integrity in those

4  serving as adjudicators.  *See Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708,

5  713 (9th Cir. 1995) (citation omitted).

6         Plaintiff shall show cause why this case should not be dismissed pursuant to

7  *Younger*.

8                                        **CONCLUSION**

9         Plaintiff shall show cause by within **twenty-one (21) days**, why this case should not

10  be dismissed.  Failure to reply will result in dismissal.

11         **IT IS SO ORDERED.**

12  Dated: June 29, 2015.

NANDOR J. VADAS
United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California